## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **In re Fannie Mae ERISA Litigation** | **Consolidated Civil Action No.  04-1784 (RJL)** |

## ORDER AND FINAL JUDGMENT

This is a case brought under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), claiming breach of fiduciary duty.  Named Plaintiffs[1] filed a Consolidated Complaint for Breach of Fiduciary Duty Under ERISA (the "Complaint") on June 15, 2005.  A Stipulation and Agreement of Settlement, dated April 29, 2010 ("Settlement Agreement"), was filed with the Court on that date.  Before the Court are:  (1) Named Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement and for Settlement Class Certification ("Final Approval Motion"); (2) Named Plaintiffs' Motion and Memorandum for Approval of Plan of Allocation ("Plan of Allocation Motion"); and (3) Lead Counsel's Motion for Award of Attorneys' Fees, Costs and Expenses and Named Plaintiffs' Case Compensation Awards (collectively, the "Fees and Expenses Motion").[2]

---

[1]   *The following individuals are named plaintiffs in this matter:   David Gwyer, Terry Gagliolo, and Gloria Sheppard ("Plaintiffs" or "Named Plaintiffs").*
[2]   *All capitalized terms used in this Order and Final Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.*

On May 29, 2010, the Court entered its Order Preliminarily Approving Settlement, Preliminarily Certifying Settlement Class, Approving Notice Plan and Setting a Fairness Hearing Date ("Preliminary Approval Order").   The Court has received declarations attesting to the mailing of the Notice and publication of the Publication Notice in accordance with the Preliminary Approval Order.  A hearing was held on July 20, 2010 (the "Final Approval Hearing") to: (i) determine whether to grant the Final Approval Motion; (ii) determine whether to grant the Plan of Allocation Motion; (iii) determine whether to grant the Fees and Expenses Motion; and (iv) rule upon such other matters as the Court might deem appropriate.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  The Court has jurisdiction over the subject matter of this action, all members of the Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2.  In accordance with Federal Rule of Civil Procedure 23 and the requirements of due process, the Class has been given proper and adequate notice of the Settlement, the Fairness Hearing, and the Plan of Allocation Motion, such notice having been carried out in accordance with the Preliminary Approval Order.  The Notice, Publication Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) were appropriate and reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (b) met all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.

3. The Settlement was negotiated at arm's-length by experienced counsel who, based upon the extensive record in this case, were fully informed of the facts and circumstances of the action and of the strengths and weaknesses of their respective positions. Lead Counsel and Defendants' Counsel are therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation over numerous questions of fact and law.

4. The Court finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and any other applicable laws have been met as to the "Class" defined below, in that:

    a. The Class is cohesive and well defined;

    b. The members of the Class are ascertainable from records kept with respect to the Plan, and the members of the Class are so numerous that their joinder before the Court would be impracticable;

    c. Based on allegations in the Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Class;

    d. Based on allegations in the Complaint that the Defendants' alleged conduct affected members of the Class in a uniform manner, the Court finds that the claims of the Named Plaintiffs are typical of the claims of the Class;

e.  The Named Plaintiffs will fairly and adequately protect the interests of the Class in that: (i) the interests of Named Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Class; (ii) there appear to be no conflicts between or among Named Plaintiffs and the Class; and (iii) Named Plaintiffs and the members of the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions;

f.  The prosecution of separate actions by individual members of the Class would create a risk of (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the ERISA Action or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests; and

g.  Based on allegations in the Complaint that the Defendants allegedly have acted or refused to act on grounds generally applicable to the Class, final injunctive, declaratory, or other equitable relief is appropriate with respect to the Class as a whole.

5. Based on the findings set out in paragraph 4 above, the Court certifies the following class (the "Class") for settlement purposes under Fed. R. Civ. P. 23(b)(1) and (2):

(a) all current and former participants and beneficiaries of the Plan whose individual Plan account(s) included investments in Federal National Mortgage Association stock at any time during the period January 1, 2001 and December 6, 2006, inclusive (the "Class Period") and (b) as to each Person within the scope of subsection (a) of this, his, her or its beneficiaries, alternate payees (including spouses of deceased Persons who were participants of the Plan), Representatives and Successors-In-Interest, provided, however, that the Class shall not include any Defendant or any of their Immediate Family, beneficiaries, alternate payees (including spouses of deceased Persons who were Plan participants), Representatives or Successors-In-Interest.

6. The proposed Settlement warrants final approval pursuant to Federal Rule of Civil Procedure 23(e)(1)(A) and (C) because it is fair, adequate, and reasonable to the Class and others whom it affects based upon (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action through the trial; (7) the ability of the Defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

7. The Settlement was intended by the parties thereto to be a contemporaneous exchange of value, and in fact constitutes such a contemporaneous exchange.

8. The Final Approval Motion is GRANTED, and the Settlement hereby is APPROVED as fair, reasonable, adequate to members of the Class, and in the public interest. The settling parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

9. The Plan of Allocation is hereby APPROVED as fair, adequate, and reasonable. Upon or after the Effective Date of the Settlement, the Custodian shall, at the direction of Lead Counsel, disburse the Net Settlement Fund to the Plan for distribution by the Plan's trustee(s) in accordance with the Plan of Allocation, subject to any amounts withheld by the Custodian for the payment of taxes and related expenses as authorized in the Settlement Agreement, and attorneys fees, costs and expenses and case contribution awards to Named Plaintiffs as authorized by this Order. The Court finds that payments and distributions made in accordance with such Plan of Allocation to be "restorative payments" as defined in IRS Revenue Ruling 2002-45. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

10. A case contribution award of $7,500 payable from the Gross Settlement Fund is awarded to each Named Plaintiff. Such award may be distributed to each Named Plaintiff by the Custodian upon the Effective Date of the Settlement.

11. Lead Counsel are hereby awarded attorneys' fees and costs of $2,659,070. Such award may be distributed to Lead Counsel by the Custodian upon the Effective Date of the Settlement.

12. The Court retains jurisdiction over this action and the Parties, the Plan, and members of the Class for all matters relating to this action, including (without limitation) the administration, interpretation, effectuation, or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to members of the Class.

13. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

14. Named Plaintiffs and all members of the Class, on behalf of themselves, and the Class, and their personal representatives, heirs, executors, administrators, trustees, successors, and assigns, with respect to each and every Settled Claim, fully, finally and forever release, relinquish and discharge, and are forever enjoined from prosecuting, any Settled Claim against any of the Released Parties, provided that, no Released Party shall seek any remedy for violation of the foregoing injunction by any Class Member other than a Named Plaintiff until at least thirty (30) days after having provided such Class Member with written notice of such injunction and demand to desist from any conduct in violation thereof.

8

15. The Defendants fully, finally, and forever release, relinquish, and discharge, and are forever enjoined from prosecuting, the Settled Defendants' Claims against Named Plaintiffs, all members of the Class, and their respective counsel.

16. All counts asserted in the ERISA Action are DISMISSED WITH PREJUDICE, without further order of the Court, pursuant to the terms of the Settlement Agreement.

17. In the event that the Settlement is terminated in accordance with the terms of the Settlement Agreement, this Judgment shall be null and void and shall be vacated nunc pro tunc, and paragraph 8.4 of the Settlement Agreement shall govern the rights of the Parties thereto.

SO ORDERED this 2nd day of August, 2010.

RICHARD J. LEON
United States District Judge